UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Harford Mutual Insurance Company as subrogee of Ariv Realty Company, LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>Broan-NuTone LLC, Buy-Rite Liquor Corp.,"John Doe"(s) 1-10, and "ABC Corporation"(s) A-Z and 1-10,<br><br>Defendants. | Civil Action No. 3:23-cv-01243-MAS-DEA<br><br>**AMENDED COMPLAINT** |

Plaintiffs, Harford Mutual Insurance Company as subrogee of Ariv Realty Company, LLC, say:

## THE PARTIES

1. Harford Mutual Insurance Company [hereinafter "Plaintiff(s)"], whose address is 200 North Main Street, Bel Air, MD 21014 does business in Ocean County.

2. Ariv Realty Company, LLC [hereinafter "Plaintiff's insured"], owns property at 60 Chambersbridge Road, Lakewood, NJ 08701.

3. Defendant Broan-NuTone LLC is upon information and belief a Delaware corporation, with its principal place of business located at 926 West State Street, Harford, WI 53027. At all times relevant Broan-NuTone LLC regularly conducted business in the State of New Jersey, County of Ocean, through the design, manufacturing and supplying of ventilation fans and/or light fixtures.

4. Defendant Buy-Rite Liquor Corp. operated a store at the 60 Chambersbridge

Road, Lakewood, NJ 08701 location, with its principal place of business at 565 Manilla Ave , Jersey City, New Jersey 07310.

5.     "John Doe"(s) 1-10, and "ABC Corporation"(s) A-Z and 1-10, fictitiously named parties.

6.     Hereinafter, Broan-NuTone LLC, Buy-Rite Liquor Corp.,"John Doe"(s) 1-10, and "ABC Corporation"(s) A-Z and 1-10 are referred to individually and/or collectively as "Defendants."

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff Harford Mutual Insurance Company is in the business of insurance.

8.     Plaintiff's insured, Ariv Realty Company, LLC [hereinafter "Plaintiff's insured"], being the insured under a certain policy issued by Plaintiff.

9.     At all times relevant hereto, Plaintiff insured Plaintiff's insured's property located at 60 Chambersbridge Road, Lakewood, NJ 08701.

10.    At all times relevant hereto, upon information and belief, Defendant Broan-NuTone LLC were engaged in the business of developing, manufacturing and/or marketing of exhaust fans fixtures for wholesale and retail sale.

11.    At all times relevant hereto, upon information and belief, Defendant Broan-NuTone LLC were engaged in the business of selling items to consumers.

12.    Upon information and belief Buy-Rite Liquor Corp. is a franchise operation and the particular location where the said exhaust fan was installed.

13.    On or about March 27, 2021, a fire started in the Buy-Rite Liquor store in the plaza, in the roof above a bathroom in the back of the liqueur store, (allegedly used for storage), which fire spread resulting in severe damage to Ariv Realty Company, LLC's

business property and an interruption of its business.

14. The fire originated in Defendant Broan-NuTone LLC's exhaust fan in the bathroom of Defendant Buy Rite Liquor.

15. Upon information and belief, the exhaust fan, or certain components thereof were manufactured by Defendant(s) Broan-NuTone LLC, and/or John Does 1-10, and ABC Corporations 1-10.

16. The exhaust fan and its component parts were defective as to design, manufacture, manufacturing and/or warnings, causing the exhaust fan and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

17. In addition, or in the alternative Defendants were negligent in repair, detection of the condition and/or service of the exhaust fan.

18. As a direct and proximate result of Defendants' actions, Plaintiff paid claims in the amount of $850,670.97.

## FIRST COUNT
### (Negligence Against All Defendant(s))

19. Plaintiffs repeat and reiterate each and every prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

20. Defendants owed a duty of reasonable care to Plaintiff's insured.

21. Defendants breached said duty by, *inter alia*, improperly designing, and/or manufacturing said exhaust fan.

22. Defendants breached said duty by including, but not limited to, failure to have adequate fire detection systems, failure to have adequate fire prevention equipment,

and/or failure to provide timely notification of fire.

23. In addition, or in the alternative, Defendants breached said duty by, *inter alia*, providing defective warnings regarding said exhaust fan.

24. In addition, or in the alternative, Defendants breached said duty by, *inter alia*, breaching its continuing duty to protect Plaintiffs from a dangerously defective product. See e.g. Stephenson v. R.A. Jones & Co., Inc., 103 N.J. 194 (1986)

25. As a result of Defendants' actions or omissions, Plaintiff's insured sustained property damage.

26. As a result of Defendants' actions or omissions, Plaintiff's insured sustained damages in the amount of $850,670.97.

27. As a result of Defendants' actions or omissions, Plaintiff paid claims in the amount of $850,670.97.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants jointly, severally, and in the alternative, as follows:

   A. $850,670.97 plus future amounts if any;

   B. Compelling arbitration or other appropriate dispute resolution for any matters required to be thus resolved pursuant to relevant statute, regulation and/or contractual agreements;

   C. Costs of Suit;

   D. Attorney Fees;

   E. Indemnification

   F. Contribution;

   G. Other relief as the Court may deem equitable and just.

## SECOND COUNT
### (Strict Products Liability)

28. Plaintiffs repeat each and every preceding paragraph of the Complaint as if set forth at length herein.

29. Defendants placed the exhaust fan into the stream of commerce.

30. The exhaust fan and its component parts were defective as to, including but not limited to, design, manufacture, manufacturing and/or warnings, causing the exhaust fan and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

31. As a direct and proximate result of the defective and dangerous condition of exhaust fan, Plaintiffs incurred damages including but not necessarily limited to the amount of $850,670.97.

32. As such, Defendants are liable to Plaintiffs pursuant to, *inter alia* the New Jersey Product Liability Act N.J.S.A. 2A: 58C-1*et. seq.*

**WHEREFORE**, Plaintiffs demands judgment against all Defendants jointly, severally, and in the alternative, as follows:

    A.    $850,670.97 plus future amounts if any;

    B.    Interest;

    C.    Costs of Suit;

    D.    Attorney Fees;

    E.    Indemnification;

    F.    Contribution;

    G.    Compelling arbitration of all matters to the extent required by any relevant statute or regulation;

      H.     Other relief the Court may deem equitable and just.

## **THIRD COUNT**
### (Breach of Contract/Warranty)

33.     Plaintiffs repeat each and every preceding paragraph of the Complaint as if set forth at length herein.

34.     Defendants owed Plaintiff's insured contractual duties including, *inter alia,* express and implied warranties, that the exhaust fan and its components were merchantable, fit for the intended purpose and safe for normal use.

35.     Defendants breached said duties.

36.     As a direct and proximate result of said breach, Plaintiffs incurred damages including but not necessarily limited to $850,670.97 in claims paid to its insured.

**WHEREFORE**, Plaintiffs demands judgment against all Defendants jointly, severally, and in the alternative, as follows:

      A.     $850,670.97 plus future amounts if any;

      B.     Interest;

      C.     Costs of Suit;

      D.     Attorney Fees;

      E.     Indemnification;

      F.     Contribution;

      G.     Compelling arbitration of all matters to the extent required by any relevant statute or regulation;

      H.     Other relief the Court may deem equitable and just.

Dated: April 21, 2023                Law Offices of Jan Meyer and Associates, P.C.

_____
Jan Meyer, Esq.
Attorney for Plaintiff(s)
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rules of Court, notice is hereby given that Jan Meyer, Esq., is designated as trial counsel in the above captioned matter.

Dated: April 21, 2023                Law Offices of Jan Meyer and Associates, P.C.

_____
Jan Meyer, Esq.
Attorney for Plaintiff(s)
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other civil action pending in any court or of a pending arbitration proceeding, to the best of our knowledge or belief; also to the best of our belief, no other action or arbitration proceeding is contemplated by this plaintiff, EXCEPT that another action with the same nucleus of facts is filed under Docket Ocean-L-2724-22. Additional Plaintiffs may bring their separate actions accordingly under these facts. Further, other than the parties set forth in this pleading as stated, we know of other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and

serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: April 21, 2023              Law Offices of Jan Meyer and Associates, P.C.

                                                                             _____
                                                                             Jan Meyer, Esq.
                                                                             Attorney for Plaintiff(s)
                                                                             1029 Teaneck Road, Second Floor
                                                                             Teaneck, New Jersey 07666